MEMORANDUM OPINION



No. 04-06-00362-CV

Jesus Cano GARCIA,

Appellant
v.
Maria De Lourdes GARCIA,

Appellee 
From the County Court at Law, Val Verde County , Texas

Trial Court No. 2168

Honorable Sergio J. Gonzalez, Judge Presiding



PER CURIAM

 

Sitting: Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice



Delivered and Filed: September 20, 2006



DISMISSED FOR WANT OF PROSECUTION



 The clerk's record was originally due June 23, 2006. On July 11, 2006, the trial court clerk filed a Notification of Late
Record, stating that, although the record is complete, the clerk's record has not been filed because appellant has failed to pay
or make arrangements to pay the clerk's fee for preparing the record and that appellant is not entitled to appeal without
paying the fee. On July 19, 2006, this court ordered appellant to provide written proof that either (1) the clerk's fee has been
paid or arrangements have been made to pay the clerk's fee; or (2) appellant is entitled to appeal without paying the clerk's
fee. On July 24, 2006, appellant's attorney, Mr. Domingo Garcia, filed a letter with this court stating his client is indigent
and "plans to file a[n] indigent affidavit."

 The Texas Rules of Appellate Procedure require "[a]n appellant [to] file the affidavit of indigence in the trial court with or
before the notice of appeal." Tex. R. App. P. 20.1(1). Here, the notice of appeal was filed with the trial court on June 5,
2006. Therefore, appellant's affidavit of indigence was due on June 5, 2006. An extension of time to file the affidavit of
indigence was due on June 20, 2006. Tex. R. App. P. 20.1(3). No extension was timely requested or granted. Because it
appeared that appellant could not proceed without advance payment of costs, on August 1, 2006, this court ordered
appellant to provide written proof that the clerk's fee has been paid or arrangements have been made to pay the clerk's fee. 
Our order informed appellant that if he failed to respond within the time provided, this appeal would be dismissed for want
of prosecution. SeeTex. R. App. P. 37.3(b), 42.3(b). No response has been received.

 The appeal is dismissed for want of prosecution. See Tex. R. App. P. 38.8(a)(1), 42.3(b). Costs of appeal are taxed against
appellant.

 PER CURIAM